SEALED



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-21412-MORENO

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* CABP ETHICS AND CO. LLC,<br><br>Plaintiff-Intervenor/Relator,<br><br>vs.<br><br>ALEXIS, LLC, a Florida Limited Liability Company,<br><br>Defendant. | FILED *EX PARTE* AND UNDER SEAL PURSUANT TO 31 U.S.C. § 3730 (b)(2) |

**COMPLAINT-IN-INTERVENTION**
**OF THE UNITED STATES OF AMERICA**

Plaintiff the United States of America (the "United States" or "Government"), through its undersigned Assistant United States Attorney, files this Complaint-in-Intervention against defendant Alexis, LLC, a Florida Limited Liability Company ("Alexis, LLC:" or "Defendant"), alleging as follows:

**PRELIMINARY STATEMENT**

1. The United States brings this civil action against Alexis, LLC under the False Claims Act, 31 U.S.C. § 3729 *et seq*.

2. From at least January 1, 2015 through December 31, 2022, Alexis, LLC, as importer of record for customs entries, including those listed in Appendix "A," submitted inaccurate customs entries, and underpaid duties and fees, at least between the years 2015 and 2022.

3. Among other things, Alexis, LLC: (1) failed to report to CBP the correct valuation of goods imported into the United States; (2) used double invoicing; (3) failed to apportion the value of assists in the form of fabric and garment trims to the customs value of imported merchandise; and, (4) submitted customs entries with incorrect Harmonized Tariff

Schedule of the United States ("HTSUS") classifications and ports of entry. As a result, Alexis, LLC, violated the False Claims Act, by materially misreporting to U.S. Customs and Border Protection ("CBP") the valuation of imported merchandise and causing entry records to be filed with CBP that contained false information and thereby avoided paying the full amount of customs duties and fees owed on the imported merchandise.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the United States' claims brought under the FCA, 31 U.S.C. §§ 3279, *et seq.*, pursuant to 31 U.S.C. §§ 3730 and 3732. This Court has supplemental jurisdiction to entertain the common law and equitable causes of action under 28 U.S.C. § 1367(a).

5. This Court has personal jurisdiction over defendant Alexis, LLC, pursuant to 31 U.S.C. § 3732(a) because at all times material hereto, Alexis, LLC transacted business and maintained offices in the Southern District of Florida, and acts proscribed by 31 U.S.C. § 3729 occurred in the Southern District of Florida.

6. Venue is proper in this district pursuant to 31 U.S.C. § 3732(a), and under 28 U.S.C. §§ 1391(b) and 1395(a), because Alexis, LLC is a Florida Limited Liability Company, does business in, and is headquartered in Miami-Dade County, all within the Southern District of Florida. Furthermore, acts that form the basis of this Complaint occurred in the Southern District of Florida.

## PARTIES

7. Plaintiff is the United States of America, acting on behalf of the U.S. Customs and Border Protection ("CBP"). The CBP is a federal agency and component of the United

States Department of Homeland Security, that, among other things, administers the United States Customs Laws.

8. Alexis, LLC is a Florida Limited Liability Company, is an importer of record of the entry numbers set forth on Appendix "A" to this Complaint in Intervention.

9. Relator CABP Ethics and Co. LLC ("Relator") is a limited liability company registered in Delaware. Relator's principal and sole member was employed at Alexis, LLC from November 2021 until April 2022. On May 6, 2022, Relator filed under seal, an action pursuant to the False Claims Act alleging, among other things, that Alexis, LLC caused to be submitted entry records with false claims that materially underreported to CBP the value of certain apparel imported into the United States. On October 12, 2023, Relator filed a First Amended Complaint for Violations of the Federal False Claims Act, specifically, 31 U.S.C. § 3729 *et seq.*, against Alexis, LLC, and certain other defendants. Relator's First Amended Complaint dropped certain entities and individuals as defendants and also dropped a claim for Retaliation.

## BACKGROUND

10. All merchandise imported into the United States is required to be "entered," unless specifically excepted. 19 U.S.C. § 1484; 19 C.F.R. § 141.4(a). "Entry" means, among other things, that an importer or its agent must file appropriate information and documents with CBP that allow the agency to assess the customs duties due on the merchandise being imported into the United States. 19 U.S.C. § 1484; 19 C.F.R. § 141.0a(a).

11. Pursuant to 19 U.S.C. § 1484, an "importer of record" is responsible for using reasonable care to make and provide accurate documentation to CBP so that CBP may properly assess duties on merchandise. 19 U.S.C. § 1484(a)(1)(B).

12. Among the documents required to be filed with CBP during the entry process is a CBP Form 7501 (or "entry summary form"), or its electronic equivalent, which is used to declare the value of the merchandise and the applicable duty rate. 19 C.F.R. § 142.11(a).

13. Entry summary forms include a declaration that "the statements in the documents herein filed fully disclose to the best of [the declarant's] knowledge and belief the true prices, values, quantities, rebates, drawbacks, fees, commissions, and royalties and are true and correct." The forms also require the importer to declare that it "will immediately furnish to the appropriate CBP officer any information showing a different statement of facts." CBP Form 7501.

14. Federal law provides that every importer of record must file a declaration stating, *inter alia*, that the "statements in the invoice or other documents filed with the entry, or in the entry itself, are true and correct." 19 U.S.C. § 1485(a)(3).

15. Applicable duty rates are calculated based on classification under the HTSUS. The importer of record is responsible for accurately classifying merchandise to be entered into the United States by assigning proper HTSUS codes to the merchandise and ensuring that the importer's customs brokers record those codes on entry summary forms. *See* 19 U.S.C. § 1484.

16. The duties paid for imported merchandise is generally determined based upon a percentage of the appraised value of the imported merchandise. Pursuant to the Trade Agreements Act of 1979, 19 U.S.C. § 1401a *et seq.*, the preferred method of appraising

merchandise is transaction value. 19 U.S.C. § 1401a(a)(l)(A). Transaction value is the price actually paid or payable for the merchandise when sold for exportation to the United States, plus certain statutory additions. 19 U.S.C. § 140la(b)(l). Transaction value must also include the value of any assists. 19 U.S.C. § 140la(b)(1)(C).

17. The corresponding HTSUS duty rate for women's wearing apparel specifically can be as high as 28.2 percent. For example, a women's overcoat classified under subheading 6102.30.2010, HTSUS, is dutiable at an ad valorem rate of 28.2 percent. Additionally, at times material to this complaint, wearing apparel from the People's Republic of China was subject to an additional duty of 7.5 percent pursuant to Section 301 of the Trade Act of 1974 ("Section 301"), List 4a.

18. The price actually paid or payable is the total payment, direct or indirect (exclusive of any costs, charges, or expenses incurred for transportation, insurance, and related services incident to the international shipment of the merchandise from the country of exportation to the place of importation in the United States), made or to be made, for imported merchandise by the buyer to, or for the benefit of, the seller. 19 U.S.C. § 140la(b)(4)(A).

19. Assists are certain materials and components that the buyer of imported merchandise provides directly or indirectly, free of charge or at a reduced cost, for use in the production or sale of merchandise for export to the United States. 19 U.S.C. § 1401a(h)(l)(A). Assists include: (a) Materials, components, parts, and similar items incorporated in the imported merchandise; (b) tools, dies, molds, and similar items used in the production of the imported merchandise; (c) merchandise consumed in the production of the imported merchandise; and (d) engineering, development, artwork, design work, and

plans and sketches that are undertaken elsewhere than in the United States and are necessary for the production of the imported merchandise. 19 U.S.C. §§ 140la(h)(1)(A)(i)-(iv).

20. The importer must report the value of the imported goods in item 35 on the current version of Form 7501. If an importer enters the incorrect total entered value in item 35 of the Form 7501, the importer may evade the required duties on the goods. The Form 7501 makes clear, consistent with statutory requirements, that an importing party has a continuing duty to correct misstatements. The form requires an importer to aver that it "will immediately furnish to the appropriate CBP officer any information showing a different statement of facts."

## FACTUAL ALLEGATIONS

I. **Alexis, LLC's Importation of Apparel**

21. Alexis, LLC imports high-end clothing for women and children, and accessories.

22. Alexis, LLC places purchase orders with garment manufacturers which perform the production steps necessary to produce the merchandise ordered from fabric and trim provided to them by Alexis, LLC. Manufacturers who perform this production operation are commonly referred to in the wearing apparel industry as "cut, make and trim" ("CMT") vendors. Alexis, LLC provides the CMT vendors with the necessary fabric, trim and other materials, and components for use in the production of the merchandise that Alexis, LLC orders.

23. Alexis, LLC's merchandise imported into the United States is appraised pursuant to the transaction value of the goods.

24. The transaction value of Alexis, LLC's merchandise includes the total payment, directly or indirectly, that Alexis, LLC makes to its vendors for the imported merchandise.

25. The transaction value also includes the value of the fabric, trim, materials, and components that Alexis, LLC provides to its CMT vendors in the form of material assists free of charge.

26. Alexis, LLC underreported customs duties and fees pertaining to its entries of women's apparel (and occasionally accessories) during the period from at least 2015 through 2022, due to its errors and omissions.

27. Alexis, LLC's errors included (1) the entered value of the Company's imports and (2) HTSUS codes of certain products.

28. Between at least 2015 and 2022, Alexis, LLC failed to apportion the value of "Assists," in the form of fabric and garment trims, to the customs value of the imported merchandise, and that the value of certain "Assists" should have been included in the customs value.

29. Alexis, LLC's entry documentation included certain discrepancies between the CF-7501 and the associated sales-related documentation.

30. Alexis, LLC had classification errors relating to sections of the textile chapters of the HTSUS.

31. Alexis, LLC entries had on certain entries, the incorrect port of entry codes. Alexis, LLC reported the incorrect value for imported apparel, thereby avoiding paying duty on the total entered value of the merchandise.

32. Alexis, LLC also failed to include the value of the material assists it provided its CMT vendors in calculating the total entered value of the merchandise.

33. As a result of Alexis, LLC's undervaluation, Alexis, LLC underpaid duties owed to the U.S. government.

34. During Relator's principal's tenure at Alexis, LLC from November 2021 to April 2022, Relator's principal came to ascertain that Alexis, LLC did not declare the full transaction value of certain imported merchandise to CBP. Relator's principal alleged that with respect to the below described purchase order, one of Alexis, LLC's vendors informed Relator's principal that Alexis, LLC required the vendor to provide Alexis, LLC with an invoice with lower unit prices than the actual unit price Alexis, LLC paid for the merchandise on the invoice. When Relator filed the *qui tam* action through Relator's counsel, Relator provided the United States with a copy Relator's principal obtained of Purchase Order No. 62713 dated October 12, 2021 ("PO No. 62713"). Under PO No. 62713, Alexis, LLC ordered 1,738 pieces of women's apparel from a vendor in China whose identity is on the purchase order. The purchase order covers six styles of women's apparel. The same purchase order also indicates the unit price for each style. According to Relator's principal, internal Alexis, LLC records that Relator's principal obtained during Relator's principal's brief employment at Alexis, LLC, evidenced that Alexis, LLC did not declare the full value of the CMT costs to CBP. Relator asserted that the internal records also showed that Alexis, LLC did not include the value of fabric and trim that was separately purchased by Alexis, LLC and provided to the CMT vendor for production of the merchandise ordered and imported by Alexis, LLC. Moreover, Relator alleged that documentation Relator's principal obtained, evidenced that the vendor issued two corresponding invoices covering

the same PO No. 62713. Both invoices have the same invoice number and are both dated January 26, 2022. The invoices both also reference PO No. 62713. The effect and purpose of the "double" invoices, Relator asserted, was to provide unit price values of less than what Alexis, LLC paid to its vendor. The invoice that understated the unit price value Alexis, LLC paid its vendors was used to support the completion and submission of Form 7501 to CBP in support of the Import Entry 178-10878078 and of the merchandise ordered under PO No. 62713. Relator alleged that this resulted in an undervaluation of the imported merchandise and an underpayment of the lawfully owed duties and fees to the U.S. government. According to Relator, Alexis, LLC's internal "WIP (Work(s) in Progress) Reports" records that Relator's principal collected in the course of his employment further evidenced that Alexis, LLC undervalued its imported merchandise in the total entered value declared to CBP on Form 7501.

35. As importer of record, Alexis, LLC was responsible for using reasonable care to provide CBP with accurate information and documentation to allow CBP to assess the applicable customs duties. Alexis, LLC was responsible for paying the customs duties owed on the wearing apparel.

36. Alexis, LLC engaged customs brokers to submit information and documentation (including invoices) to CBP in connection with the importation of the wearing apparel. Alexis, LLC provided Alexis, LLC's customs brokers with commercial invoices and other documentation, including invoices like that described above, that underreported proper values and failed to account for assists.

37. During the period from at least 2015 through 2022 period, Alexis, LLC caused entry summary forms to be submitted to CBP that Alexis, LLC knew or had reason

to know contained false information with respect to the women's apparel and certain other merchandise. This information was material to CBP's determination of the applicable duties owed to the United States.

38. As a result of such false statements, the subject apparel was entered at a lower duty rate than would have been applicable had the entries been properly stated, and Alexis, LLC thereby avoided paying the full amount of customs duties owed.

39. On Appendix "A" to this Complaint in Intervention is a list of some of the entry numbers in which during the period from at least 2018 through 2022, Alexis, LLC (1) failed to report to CBP the correct valuation of goods imported into the United States; (2) used double invoicing; (3) failed to apportion the value of assists in the form of fabric and garment trims to the customs value of imported merchandise; and, (4) submitted customs entries with incorrect Harmonized Tariff Schedule of the United States ("HTSUS") classifications and ports of entry. Alexis LLC is in possession of all documents relating to the Entry Numbers described on Appendix "A."

## CLAIM FOR RELIEF

**Violation of the False Claims Act 31 U.S.C. § 3729(a)(1)(G) Reverse False Claims**

40. The United States re-alleges and incorporates in this Count I, Paragraphs 1 through 39 of this Complaint in Intervention.

41. The United States seeks relief against Alexis, LLC, under Section 3729(a)(1)(G) of the False Claims Act, 31 U.S.C. § 3729(a)(1)(G).

42. As set forth above, Alexis, LLC knowingly made, used, or caused to be made or used, false records and/or statements material to an obligation to pay or transmit money or property, in the form of customs duties, to the United States, and knowingly concealed

and knowingly and improperly avoided or decreased an obligation to pay or transmit money or property, in the form of customs duties owed to the United States.

43. The United States incurred losses in the form of customs duties underpaid by Alexis, LLC because of Alexis, LLC's wrongful conduct.

44. By virtue of Alexis, LLC's submission of entry summary forms reflecting false information, the United States suffered damages and therefore is entitled to treble damages under the False Claims Act, to be determined at trial, and a civil penalty as required by law for each violation.

45. The United States demands trial by jury.

WHEREFORE, the United States respectfully requests:

a. that judgment be entered in its favor and against Defendant Alexis, LLC for a sum equal to treble the United States' damages in an amount to be determined at trial, interest, civil penalties to the maximum amount allowed by law, and an award of costs pursuant to 31 U.S.C. § 3729(a); and

b. the Relator is also entitled to an award from Alexis, LLC, of its reasonable expenses, attorney's fees, and costs, pursuant to Section 3730 of the False Claims Act.

c. such further relief as the Court may deem proper.

The United States Demands A Jury Trial As To All Issues So Triable.

Respectfully submitted,

Dated: the 7th day of May, 2024

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: _____
JAMES A. WEINKLE
Assistant United States Attorney
Fla. Bar No.: 0710891
Office of the United States Attorney
Southern District of Florida
Alto Lee Adams Federal Courthouse
101 S. U.S. Highway One, Suite 3100
Fort Pierce, FL 34950

Telephone: 772.293.0945

Email: James.Weinkle@usdoj.gov

*Counsel for the United States of America*

**Appendix "A"**

| | | | | |
|---|---|---|---|---|
| CHQ-00617581 | CHQ-00776767 | CHQ-01047929 | CHQ-01295502 | CHQ-05887742 |
| CHQ-00628026 | CHQ-00783458 | CHQ-01050782 | CHQ-01296773 | CHQ-05889243 |
| CHQ-00635914 | CHQ-00783458 | CHQ-01052739 | CHQ-01297607 | CHQ-05891769 |
| CHQ-00636797 | CHQ-00793176 | CHQ-01056185 | CHQ-01299660 | CHQ-05891751 |
| CHQ-00636813 | CHQ-00798431 | CHQ-01058272 | CHQ-01299694 | CHQ-05894185 |
| CHQ-00639551 | CHQ-00798399 | CHQ-01066317 | CHQ-01302399 | CHQ-05894607 |
| CHQ-00639569 | CHQ-00804650 | CHQ-01067976 | CHQ-01303611 | CHQ-05903861 |
| CHQ-00668865 | CHQ-00806507 | CHQ-01068065 | CHQ-01305186 | CHQ-05904802 |
| CHQ-00668873 | CHQ-00807794 | CHQ-01069394 | CHQ-01312778 | CHQ-05906609 |
| CHQ-00669475 | CHQ-00810095 | CHQ-01077637 | CHQ-01314899 | CHQ-05906625 |
| CHQ-00672727 | CHQ-00810095 | CHQ-01082447 | CHQ-01315326 | CHQ-05906641 |
| CHQ-00673436 | CHQ-00810160 | CHQ-01082900 | CHQ-01315441 | CHQ-05910429 |
| CHQ-00675886 | CHQ-00810202 | CHQ-01083817 | CHQ-01323999 | CHQ-05919065 |
| CHQ-00675928 | CHQ-00810277 | CHQ-01087057 | CHQ-01324534 | CHQ-05919628 |
| CHQ-00679706 | CHQ-00813214 | CHQ-01089434 | CHQ-01324336 | CHQ-05919628 |
| CHQ-00679987 | CHQ-00818320 | CHQ-01093352 | CHQ-01334814 | CHQ-05923356 |
| CHQ-00682338 | CHQ-00817926 | CHQ-01096041 | CHQ-01335571 | CHQ-05925302 |
| CHQ-00682502 | CHQ-00820821 | CHQ-01096058 | CHQ-01335696 | CHQ-05910338 |
| CHQ-00682528 | CHQ-00826067 | CHQ-01103177 | CHQ-01336181 | CHQ-05946415 |
| CHQ-00683427 | CHQ-00842445 | CHQ-01111949 | CHQ-01346263 | CHQ-05946985 |
| CHQ-00684078 | CHQ-00852733 | CHQ-01112012 | CHQ-01348657 | CHQ-05949518 |
| CHQ-00684557 | CHQ-00867053 | CHQ-01117706 | CHQ-01385055 | CHQ-05960002 |
| CHQ-00686164 | CHQ-00871857 | CHQ-01119371 | CHQ-01385436 | CHQ-05960176 |
| CHQ-00684581 | CHQ-00875239 | CHQ-01124918 | CHQ-01394891 | CHQ-05965449 |
| CHQ-00684839 | CHQ-00875668 | CHQ-01126236 | CHQ-01395005 | CHQ-05965282 |
| CHQ-00690182 | CHQ-00880767 | CHQ-01138165 | CHQ-01399288 | CHQ-05964947 |
| CHQ-00692410 | CHQ-00886327 | CHQ- 01144338 | CHQ-01401951 | CHQ-05977840 |
| CHQ-00697153 | CHQ-00902298 | CHQ-01144353 | CHQ-01411497 | CHQ-05978616 |
| CHQ-00697179 | CHQ-00905960 | CHQ-01145038 | CHQ-01420407 | CHQ-05995446 |
| CHQ-00698854 | CHQ-00910846 | CHQ-01150590 | CHQ-01423120 | CHQ-06019543 |
| CHQ-00699746 | CHQ-00916025 | CHQ-01170796 | CHQ-01432618 | CHQ-06045167 |
| CHQ-00703779 | CHQ-00919318 | CHQ-01173816 | CHQ-01448572 | CHQ-06052791 |
| CHQ-00704249 | CHQ-00921009 | CHQ-01173659 | CHQ-01461781 | CHQ-06052858 |
| CHQ-00704462 | CHQ-00922189 | CHQ-01184557 | CHQ-01468604 | CHQ-06058020 |
| CHQ-00708232 | CHQ-00938193 | CHQ-01189929 | CHQ-01471236 | CHQ-06061040 |
| CHQ-00708232 | CHQ-00942831 | CHQ-01196841 | CHQ-01472473 | CHQ-06061768 |
| CHQ-00708810 | CHQ-00947756 | CHQ-01196908 | CHQ-01489949 | CHQ-06074225 |
| CHQ-00712309 | CHQ-00948580 | CHQ-01196924 | CHQ-01493768 | CHQ-06078184 |
| CHQ-00713323 | CHQ-00954380 | CHQ-01208026 | CHQ-01501305 | CHQ-06094553 |
| CHQ-00713356 | CHQ-00958688 | CHQ-01259821 | CHQ-01511213 | CHQ-06097333 |
| CHQ-00715583 | CHQ-00960130 | CHQ-01268632 | CHQ-01523648 | CHQ-06113817 |
| CHQ-00715732 | CHQ-00963100 | CHQ-01268913 | CHQ-01540279 | CHQ-06126611 |
| CHQ-00715997 | CHQ-00963498 | CHQ-01269051 | CHQ-01540493 | CHQ-06130076 |
| CHQ-00717340 | CHQ-00963498 | CHQ-01274879 | CHQ-01543950 | CHQ-06135364 |
| CHQ-00717373 | CHQ-00959298 | CHQ-01275967 | CHQ-01544396 | CHQ-06138087 |
| CHQ-00720120 | CHQ-01002098 | CHQ-01276155 | CHQ-01547308 | CHQ-06141628 |
| CHQ-00721953 | CHQ-01014036 | CHQ-01278748 | CHQ-01574716 | CHQ-06141859 |
| CHQ-00725178 | CHQ-01014523 | CHQ-01278755 | CHQ-01575473 | CHQ-06141941 |
| CHQ-00726820 | CHQ-01018037 | CHQ-01278748 | CHQ-01592361 | CHQ-06148581 |
| CHQ-00740714 | CHQ-01021429 | CHQ-01279472 | CHQ-01593047 | CHQ-06148508 |
| CHQ-00747693 | CHQ-01025891 | CHQ-01279837 | CHQ-05810082 | CHQ-06151569 |
| CHQ-00750200 | CHQ-01027848 | CHQ-01282039 | CHQ-05810082 | CHQ-06153367 |
| CHQ-00757932 | CHQ-01027871 | CHQ-01282070 | CHQ-05836111 | CHQ-16164026 |
| CHQ-00760670 | CHQ-01027897 | CHQ-01285925 | CHQ-05834835 | CHQ-06172003 |
| CHQ-00765554 | CHQ-01036807 | CHQ-01286006 | CHQ-05850450 | CHQ-06172003 |
| CHQ-00767287 | CHQ-01041971 | CHQ-01290305 | CHQ-05877933 | CHQ-06172151 |
| CHQ-00767287 | CHQ-01043076 | CHQ-01290321 | CHQ-05884707 | CHQ-06181533 |

Appendix "A" Page-1-

| | |
|---|---|
| CHQ-06185567 | 178-10866735 |
| CHQ-06192092 | 178-10867105 |
| CHQ-06192001 | 178-10867501 |
| CHQ-06193645 | 178-10867410 |
| CHQ-06201802 | 178-10866685 |
| CHQ-06206298 | 178-10867881 |
| CHQ-06214011 | 178-10867931 |
| 9UA-02476416 | 178-10868251 |
| EVY-00420428 | 178-10869549 |
| EVY- 00420683 | 178-10870141 |
| EVY-00421384 | 178-10870174 |
| EVY-00421954 | 178-10870232 |
| EVY-00424297 | 178-10870349 |
| EVY-00425328 | 178-10870919 |
| EVY-00426565 | 178-10871032 |
| EVY-00426748 | 178-10871248 |
| EVY-00429304 | 178-10871446 |
| EVY-00429304 | 178-10871453 |
| EVY-00430757 | 178-10871537 |
| EVY-00434270 | 178-10872113 |
| EVY-00434429 | 178-10872493 |
| EVY-00434429 | 178-10872691 |
| EVY-00434635 | 178-10872691 |
| EVY-00435434 | 178-10874291 |
| EVY-00436903 | 178-10874432 |
| EVY-00437786 | 178-10874598 |
| EVY-00440574 | 178-10874770 |
| EVY-00444154 | 178-10874762 |
| EVY-00444196 | 178-10874911 |
| EVY-00445557 | 178-10874945 |
| EVY-00449153 | 178-10875017 |
| EVY-00451118 | 178-10875082 |
| EVY-00451696 | 178-10875215 |
| EVY-00451936 | 178-10877427 |
| EVY-00452652 | 178-10877583 |
| EVY-00452983 | 178-10877534 |
| 178-86004773 | 178-10877864 |
| CHQ-06133898 | 178-10877880 |
| 178-86004781 | 178-10878078 |
| 178-86004807 | 178-10878417 |
| 178-86004815 | 178-10878573 |
| 178-86004849 | 178-10879803 |
| 178-86004880 | 178-10878946 |
| 178-86004955 | 178-10879084 |
| 178-86004906 | 178-10879217 |
| 178-86005028 | 178-10879472 |
| 178-86005119 | 178-10879621 |
| 178-86005127 | 178-10879662 |
| 178-86005242 | 178-10881577 |
| 178-86005309 | 178-10881890 |
| 178-86005564 | 178-10882559 |
| 178-86005572 | 178-10883870 |
| 178-86005580 | 178-10885123 |
| 178-86005382 | 178-10887624 |
| 178-86005671 | 178-10888549 |
| SCS-55583035 | 178-10889976 |
| 8FU-00007992 | 178-10890891 |
| 8FU-00008131 | 178-10891295 |
| 178-86005853 | 178-10879316 |
| 178-86006067 | 178-10879365 |
| 178-86006059 | 178-10880090 |
| 178-10866727 | |